UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

TRUSTEES OF THE PLUMBERS LOCAL UNION
NO. 1 WELFARE FUND, ADDITIONAL SECURITY          NOT FOR PUBLICATION
BENEFIT FUND, VACATION & HOLIDAY FUND,
TRADE EDUCATION FUND AND 401(K) SAVINGS          **ORDER ADOPTING REPORT**
PLAN, et al.,                                    **AND RECOMMENDATION**

                          Plaintiffs,            10-CV-2902 (KAM)(SMG)

        -against-

ALJER PLUMBING & HEATING CORP.,

                          Defendant.        X

----------------------------------------
**MATSUMOTO, United States District Judge:**

        Presently before the court is a Report and

Recommendation ("R&R") issued by Chief Magistrate Judge Steven M.

Gold on January 21, 2011, recommending that the court dismiss

with prejudice plaintiffs' claims against defendant Aljer

Plumbing & Heating Corporation for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b).  (*See* ECF No. 10,

Report and Recommendation ("R&R") at 1.)  Upon a review of the

R&R, the facts of the case, relevant case law, and considering

that the parties have failed to object to Judge Gold's

recommendation, the court finds no clear error in Judge Gold's

R&R and hereby affirms and adopts the R&R as the opinion of the

court.

                          **BACKGROUND**

        The facts of the case are as follows.  Plaintiffs

brought this action against defendant on June 23, 2010, alleging

causes of action arising under the Employment Retirement Income

Security Act, as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and

the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

(ECF No. 1, Compl. ¶ 1.)  Although the Summons was returned

executed on July 8, 2010, defendant failed to file an Answer, and

the plaintiffs took no further action. (ECF No. 2, Executed

Summons, dated 7/8/10; ECF No. 3, 7/29/10 Order.)  Consequently,

on July 29, 2010, Judge Gold entered an Order directing

plaintiffs to file a status report by August 6, 2010 and warning

that failure to comply with the court's Order could result in a

recommendation to dismiss the case for failure to prosecute.

(7/29/10 Order.)

On August 6, 2010, plaintiffs informed the court that

defendant had remitted portions of the payment sought in the

Complaint, that defendant's counsel had contacted the plaintiffs,

and that the parties "hope[d] to be able to resolve the matter in

the near future."  (ECF No. 4, 8/6/10 Status Report.)  Plaintiffs

also indicated that the parties would execute a stipulation

extending defendant's time to answer the Complaint.  (*Id.*)

On that same day, Judge Gold issued an Order scheduling

an initial conference for October 7, 2010.  (ECF No. 5, 8/6/10

Order at 1.)  However, neither party appeared for October 7, 2010

Initial Conference nor provided an explanation for their failures

to appear or to seek an adjournment of the conference. (ECF No. 7, 10/12/10 Order at 1.) Further, in direct contravention of the Order, the plaintiffs failed to notify Judge Gold's Chambers in advance of the scheduled conference that defendant had not answered the Complaint. (10/12/10 Order at 1.) The parties also failed to execute the promised stipulation for an extension of time in which to answer the Complaint. (10/12/10 Order at 1.) Instead, on October 11, 2010, plaintiffs filed an Amended Complaint. (*See* ECF No. 6, Am. Compl.)

On October 12, 2010, Judge Gold entered an Order, directing plaintiffs to explain their failure to appear and to report on the status of the case by October 19, 2010. (10/12/10 Order at 1.) Judge Gold warned the plaintiffs that failure to comply with the Order would result in a recommendation of dismissal. (10/12/10 Order at 2.) On October 19, 2010, plaintiffs filed a status letter apologizing for their inadvertent failure to appear at the conference and explaining that, because the defendant had paid most of the amounts sought in the original Complaint, they filed an Amended Complaint for the outstanding amounts still owed. (ECF No. 8, 10/19/10 Status Report.) Plaintiffs also indicated that they intended to move for default judgment if no settlement was reached and if the defendant failed to answer the Amended Complaint. (*Id.*)

On December 16, 2010, Judge Gold issued an Order

stating that there had been no proof of service of the Amended

Complaint or any further correspondence from the plaintiffs.

(ECF No. 9, 12/16/10 Order.)  He then ordered as follows:

> [P]laintiffs' counsel is directed to electronically
> file proof of service of the complaint, or a report on
> the status of this case [] no later than January 5,
> 2011.  Failure to comply with this Order will result in
> a report and recommendation that this case be dismissed
> for failure to prosecute.

(12/16/10 Order.)

Plaintiffs did not comply with the December 16, 2010

Order, and on January 21, 2011, Judge Gold issued the instant R&R

recommending that the case be dismissed for failure to prosecute.

(R&R at 1.)  Plaintiffs received electronic notice and a copy of

the R&R via court's electronic filing system on January 21, 2011.

(*See* Notice of Electronic Filing accompanying R&R.)  As

explicitly noted at the end of the R&R, any objections to the R&R

were to be filed within fourteen days of receipt of the R&R, and

in no event later February 7, 2011.  (R&R at 1.)  The period for

filing objections has now expired, and to date, no objections to

Judge Gold's R&R have been filed.

## DISCUSSION

In reviewing a R&R, the district court "may accept,

reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1).  Where no objection to the R&R has been filed, the

district court "'need only satisfy itself that there is no clear

error on the face of the record.'" *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Moreover, a district court is empowered to dismiss a complaint for failure to prosecute. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). That power is grounded in the district court's inherent authority to manage its own affairs so as to dispose of cases in an orderly and expeditious manner, and it is explicitly sanctioned by Federal Rule of Civil Procedure 41. *Id.* at 569.

However, the power to dismiss a case for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation and citation omitted); *see also Lewis*, 564 F.3d at 576. As such, a district court's discretion in deciding whether to dismiss a case for failure to prosecute is limited by reference to the following five factors (the "*Drake* factors"):

> Whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254 (citation omitted). In applying these

factors, no one factor is dispositive and the court must instead consider the record as a whole. *Id.*

Here, the balance of *Drake* factors weigh in favor of dismissal of this action for failure to prosecute. The record before the court reflects that plaintiffs have only moved this case forward at the constant prompting of Judge Gold. Further, plaintiffs were given explicit notice that further delay would result in dismissal. (12/16/10 Order ("Failure to comply with this Order will result in a report and recommendation that this case be dismissed for failure to prosecute.").) Moreover, plaintiffs have failed to comply with multiple court orders, as noted above. Finally, although plaintiffs were given ample opportunity to object to Judge Gold's recommendation that the case be dismissed for failure to prosecute, they did not avail themselves of this opportunity, or attempt to move the case forward in response. Given all of these factors, it does not appear that a sanction less harsh than dismissal is warranted – or desired – by the plaintiffs.

Accordingly, upon a review of the R&R, and relevant case law, and considering that the parties have failed to object to Judge Gold's recommendation, the court finds no clear error in Judge Gold's R&R and hereby affirms and adopts the R&R as the opinion of the court.

The Clerk of the Court is respectfully directed to

enter judgment dismissing with prejudice the claims against the defendant in accordance with Judge Gold's R&R and to close this case.


**SO ORDERED.**


Dated:     March 14, 2011
           Brooklyn, New York

                                    _____ /s/ _____
                                    Kiyo A. Matsumoto
                                    United States District Judge